JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6559 PA (JCx) | Date | August 19, 2011 |
|---|---|---|---|
| Title | Southstar III, LLC v. Juan Morales, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Hugo Morales ("Morales") on August 10, 2011. (Docket No. 1.) Plaintiff Southstar III, LLC's ("Plaintiff's") Complaint alleges a single state law claim for unlawful detainer. Morales, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States . . . ." As such, courts have concluded that "[t]he right to remove a state court case to federal court is clearly limited to defendants." American International Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988).

Here, the Complaint indicates that the only named defendant in the underlying action is Juan Morales." Hugo Morales does not explain his relationship to defendant Juan Morales. Without any allegations to show that Hugo Morales has the right to remove this action, the Court finds this removal to be improper.

Even if Hugo Morales could somehow show that he has the right to remove this case here, there does not appear to be any basis for federal jurisdiction. Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6559 PA (JCx) | Date | August 19, 2011 |
|---|---|---|---|
| Title | Southstar III, LLC v. Juan Morales, et al. | | |

"clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint only contains a single cause of action for unlawful detainer. Morales seems to be asserting that federal question jurisdiction exists because Plaintiff allegedly violated his right to due process and right to relief under the Servicemembers Civil Relief Act. (Notice of Removal at 4.) However, Morales does not contend that the unlawful detainer claim is a federal claim in disguise or is somehow preempted by federal law. Rather, Morales seems to be citing to federal law in support of potential counterclaims. These allegations do not constitute a basis for removal. Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

For the foregoing reasons, Morales has failed to meet his burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 11H01727. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.